# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| RANDY K. BELCHER, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 11-3317-CV-S-RED-P |
| THOMAS DUNN, | ) |
| Respondent. | ) |

## OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, Randy K. Belcher, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 on August 29, 2011. Petitioner does not seek to challenge his 1988 convictions and sentences for kidnapping, armed criminal action, and first degree assault, which were entered in the Circuit Court of Greene County, Missouri. Instead, petitioner seeks to challenge the state court's denial of his post-conviction motion for DNA testing.

Petitioner raises two grounds for relief, both alleging that the Missouri state courts violated petitioner's rights to Due Process and Equal Protection by denying his petition for DNA testing under Mo. Rev. Stat. § 547.035. Respondent contends that petitioner's grounds are not cognizable on federal habeas review.

## STATEMENT OF FACTS

On appeal from the denial of petitioner's pro se motion seeking post-conviction DNA testing pursuant to Mo. Rev. Stat 547.035, the Missouri Court of Appeals summarized the facts as follows:

> In September of 1987, [petitioner] asked his fourteen-year-old neighbor ("Victim") to come to his house and help him with a plumbing problem. After she entered his home, [petitioner] locked

the door and told Victim that he had lied about having a plumbing problem. [Petitioner] kept Victim in his house until [petitioner's] father returned. Together, [petitioner] and his father then threatened Victim and took her to a motel room. Once at the motel, [petitioner] forced Victim to have intercourse and oral sex with him. [Petitioner's] father also raped Victim twice. The next morning, [petitioner] and his father took Victim to a river, pushed her in, sprayed her in the face with something, struck her with a lead pipe, and shot at her. Victim was able to swim away from her attackers and made it to a house along the river, where someone helped her and called the police.

At [petitioner's] trial, the State adduced evidence from forensic scientist Frank Booth ("Mr. Booth"), a serologist and trace evidence examiner for the Kansas City Police Department. Mr. Booth testified that he had tested for the State several articles gathered from Victim, the motel room, and [petitioner]. These articles included State's Exhibits 403 and 404: a pillow case and sheet taken from the bed in the motel room. Serological tests on the pillow case and sheet revealed a B antigenic marker, along with a smaller amount of A antigenic material. In Mr. Booth's opinion, there was too little of the A antigenic material as compared to the amount of B antigenic material to indicate an AB blood type. Instead, Mr. Booth concluded that the materials tested contained a mixture of fluids from two different individuals. n.2

> n.2 [Petitioner's] blood was type B; Victim's blood was type A.

Mr. Booth's testimony was that the blood-grouping evidence narrowed the pool of possible suspects from the 1,000,000 people then residing in the Kansas City Metropolitan area to a group of 3,000 people in that area, from which [petitioner] could not be excluded.

At his trial, [petitioner] apparently called a Dr. Su to testify on his behalf. n.3

> n.3 The legal file submitted in support of [petitioner's] appeal contains only excerpts from the trial transcript. Those excerpts are also incomplete and out of chronological/numerical order. As a result, it is difficult to discern who is testifying and on whose

> behalf.
>
> Dr. Su, in reading the State's report, noted it concluded that "[b]ody hairs from item one[-]dash[-]one match the arm and leg hair of [petitioner]" but also indicated that "there was body hair that could not be matched to the submitted standard of [petitioner]." Dr. Su stated that a match of body hair "is not as significant as if you have the match or non[-]match of the pubic or head hairs." Dr. Su stated that this is because head hairs and pubic hairs have additional physical characteristics that are easier to compare with known samples. Furthermore, she stated that the eleven hairs collected as a standard from [petitioner] were not enough to comprise a representative sample. As to comparing the specific hairs, Dr. Su stated that she didn't "have actual hair samples or [her] notes to review and to examine so [she] cannot offer [her] opinions."
>
> In 2006, [petitioner] filed his motion for post-conviction DNA testing with the circuit court. When the circuit court did not rule on his motion, [petitioner] filed a motion for judgment by default and, subsequently, a petition for writ of mandamus with this court. After this court issued an order for the circuit court to show cause as to why it had not ruled on [petitioner's] motion, the circuit court issued findings of fact and conclusions of law in an order denying [petitioner] relief. The circuit court (hereafter referred to as "the motion court") indicated it had denied [petitioner's] request for post-conviction DNA testing because: 1) the identity of the perpetrator had not been at issue in [petitioner's] trial; 2) there was no reasonable probability that the result of [petitioner's] trial would have been different if the jury had been presented with exculpatory DNA test results; and 3) the evidence was not secured in relation to the crime.

(State v. Belcher, 317 S.W.3d 101, 102-03 (Mo. App. S.D. 2010)).

Before the state court findings may be set aside, a federal court must conclude that the state court's findings lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc). The burden is on petitioner to establish by clear and convincing

evidence that the state court findings are erroneous. 28 U.S.C. § 2254(d).[1] Because the state court's findings of fact have fair support in the record, the Court will defer to and adopt those factual conclusions.

## GROUNDS FOR RELIEF

Both of petitioner's grounds essentially claim that the Missouri state courts misapplied state law when they denied petitioner's motion for DNA testing under Mo. Rev. Stat. § 547.035.

Federal habeas corpus review is a limited inquiry. <u>Cole v. Hopkins</u>, 56 Fed. Appx. 742 (8th Cir. 2003). Federal habeas corpus relief may be granted only "when the decision of a state court is contrary to or involves an unreasonable application of clearly established federal law." 28 U.S.C. § 2254(d). Federal courts may not independently construe state law contrary to interpretations of the highest court of the state in a habeas corpus proceeding. <u>Davis v. Bennett</u>, 400 F.2d 279, 281 (8th Cir. 1968). Repackaging a state law issue as federal due process issue "does not transform a state law issue into a federal claim." <u>Cole</u>, 56 Fed. Appx. at 744 (citing <u>Carson v. Dir. of the Iowa Dep't of Corr. Servs.</u>, 150 F.3d 973, 975 (8th Cir. 1998)). Therefore, petitioner's claims that the denial of post-conviction DNA testing was rendered contrary to state law are not cognizable grounds for federal habeas corpus relief.

Grounds 1 and 2 are denied.

## CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where

---

[1]"In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

-4-

Case 6:11-cv-03317-RED   Document 25   Filed 07/02/12   Page 4 of 5

a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the above-captioned petition for writ of habeas corpus is denied;

(2) this case is dismissed with prejudice; and

(3) the issuance of a certificate of appealability is denied.

                                     */s/ Richard E. Dorr*
                                         RICHARD E. DORR
                                         UNITED STATES DISTRICT JUDGE

Springfield, Missouri,

Dated: July 2, 2012.